UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESTON LEONARD SCHOFIELD,

    Plaintiff,

v.                                             Case No. 8:16-cv-294-T-33AEP

STATE OF FLORIDA, *et al.*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, who proceeds in this matter *pro se*, filed a Complaint (Dkt. No. 1) against the State of Florida, the Seminole County Sheriff's Office, the Hillsborough County Sheriff's Office, and the Pinellas County Sherriff's Office. In short, Plaintiff brings his claim under 28 U.S.C. § 1983, stating that Defendants engaged in various violations of Plaintiff's civil rights.

Plaintiff's Affidavit of Indigency ("Affidavit") (Dkt. No. 2), is also before this Court, which the Court construes as a motion to proceed *in forma pauperis*. Because Plaintiff has attempted to file several frivolous civil rights actions *in forma pauperis*, this Court recommends that Plaintiff's construed motion to proceed *in forma pauperis* be denied and Plaintiff's Complaint be dismissed.

### STANDARD

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). However, 28 U.S.C. § 1915(g) limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[A]fter three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit."). As a result, courts have a responsibility to dismiss cases, even *sua sponte*, under § 1915(g). *See id.* ("Thus, we conclude that the proper procedure is for the district court to dismiss the complaint without prejudice . . . pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status."); *see, e.g.*, *Casey v. Scott*, 493 Fed. Appx. 1000, 1001 (11th Cir. 2012) (affirming dismissal under the three strikes provision and noting that "[t]he district court must search the record of the plaintiff's federal cases to determine if they were dismissed for the relevant reasons."); *Wright v. Polk County*, 556 Fed. Appx. 873, 874-75 (11th Cir. 2014) (noting that if the plaintiff has three strikes and fails to pay the full filing fee at the time he initiates the suit, the proper procedure is to dismiss the complaint without prejudice).

Here, the Court takes judicial notice of the following three federal district court cases previously filed by Plaintiff that were dismissed by the Court for a failure to state a claim upon which relief may be granted, or as frivolous:

1) 6:00-cv-1238-Orl-22B, Dkt. No. 7 (M.D. Fla. Oct. 31, 2000);
2) 6:13-cv-1253-Orl-37KRS, Dkt. No. 4 (M.D. Fla. Aug. 23, 2013); and
3) 6:13-cv-1769-Orl-22TBS, Dkt. No. 2 (M.D. Fla. Nov. 19 20130.

Significantly, in *Schofield v. Deklava, et al.*, 6:15-cv-693-Orl-28TBS, Dkt. No. 7 (M.D. Fla. May 8, 2015), a Middle District Court has previously dismissed a very similar case filed by Plaintiff under § 1915(g), as a result of Plaintiff's filing of the cases noted above. Based on these prior dismissals and the Plaintiff's failure to allege here that he is under imminent danger of serious physical injury, Plaintiff should not be permitted to proceed *in forma pauperis* and should be required to pay the filing fee.[1]

Accordingly, after consideration, it is hereby **RECOMMENDED**:

1. Plaintiff's construed motion to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**,

2. Plaintiff's case be **DISMISSED** without prejudice, and

3. The Clerk is directed to mail a copy of this Report and Recommendation to Plaintiff.

IT IS SO REPORTED in Tampa, Florida, this 18th day of April, 2016.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[1] In his Complaint, Plaintiff also requests that this Court appoint him a lawyer. Because this Court recommends that the Complaint be dismissed this Court will not address this request at this time.

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc:     Hon. Judge Virginia M. Hernandez Covington
        Plaintiff, *pro se*